14-4364-cr
*United States v. Voloshin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges,*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                No. 14-4364-cr

JOHN VOLOSHIN,

> *Defendant-Appellant.*

_____

For Appellee:                                   DAVID T. HUANG, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:              LAWRENCE GERZOG, New York, New York.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant John Voloshin appeals from that provision of a judgment sentencing him to a term of supervised release for violating his original term of supervised release. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

A sentence imposed for a supervised release violation is reviewed for reasonableness, *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005), both substantive and procedural, *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision 'cannot be located within the range of permissible decisions' or is based on a legal error or clearly erroneous factual finding." *Villafuerte*, 502 F.3d at 206 (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)).

When, as here, a defendant fails to object to a purported sentencing error, we review for plain error. *Id*. at 208. Reversal for plain error should "be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982).

On appeal, Voloshin contends that the 27-month term of supervised release is procedurally and substantively unreasonable. As for procedural reasonableness, Voloshin argues that the district court did not provide any reasons for imposing a term of supervised release. "[T]he law in this circuit is well established that, in the absence of record evidence suggesting

otherwise, we presume 'that a sentencing judge has faithfully discharged her duty to consider the statutory factors.'" *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007)). Voloshin does not point to any record evidence to rebut this presumption, and we have "declined to prescribe any 'specific verbal formulations . . . to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing.'" *Id.* (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005)). The record evidence, moreover, demonstrates that the court was aware of, and considered, the relevant statutory factors set forth in 18 U.S.C. §§ 3583 and 3553(a).

Voloshin argues that his supervised release term is substantively unreasonable for two reasons. First, he asserts that the only risk of recidivism is "*because* of the imposition of an additional term of supervised release," i.e., "[t]here is only a risk of further reporting violations so long as such reporting requirements exist." Blue at 10 (emphasis in original). Voloshin offers no case law or other legal support for this position. Indeed, 18 U.S.C. § 3583(c) *required* the district court to consider the factor set forth in 18 U.S.C. § 3553(a)(2)(C): "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." As demonstrated by the nature of Voloshin's supervised release violation, the risk of recidivism, and therefore the potential harm to the public, was considerable.

Second, Voloshin argues that his sentence was substantively unreasonable because his supervised release violation bore no relation to his original crime of conviction. We are not persuaded. "Though supervised release is 'part of the penalty for the initial offense,' . . . the imposition of supervised release and the sanctions for violation are authorized by a statute and Guidelines scheme that is separate from the regime that governs incarceration for the original

3

offense, . . . and the supervised release scheme serves purposes distinct from the goals of the original punishment[.]"  *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)).  In other words, the punishment "that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast."  *Id.*  The district court was not required to draw any connection to the original offense when it imposed an additional term of supervised release.

Voloshin also challenges imposition of the condition that he not engage in the purchase or sale of real estate without prior approval from the probation office.  We review challenges to conditions of supervised release for abuse of discretion.  *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008).  Sentencing courts may impose conditions that are "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with training, medical care, or other correctional treatment.  18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b); *United States v. Myers*, 426 F.3d 117, 124 (2d Cir. 2005).  A condition need only be reasonably related "'to any one or more of the specified factors.'"  *Myers*, 426 F.3d at 124 (quoting *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995)).  Voloshin's underlying conviction involved fraud relating to real estate.  He violated his supervised release by creating false documents and making misrepresentations in relation to a fake employment opportunity in a real estate investment firm.  The challenged condition was thus reasonably related to the nature and circumstances of the offense and Voloshin's history and characteristics, as further demonstrated by his supervised release violation.

4

We have considered all of Voloshin's arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk