**Albert M. GRAHAM; Martha A. Graham, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 06–70037.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 8, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David R. Clark, Esq., Higgs Fletcher & Mack, LLP, San Diego, CA, for Petitioners–Appellants.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Randolph L. Hutter, Esq., Eileen J. O'Connor, Esq., Fax, Richard L. Parker, U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: KOZINSKI, TASHIMA, and McKEOWN, Circuit Judges.

MEMORANDUM *

Appellants Albert M. Graham and Martha A. Graham appeal a decision of the United States Tax Court, upholding the Commissioner's determination of deficiencies in Appellants' federal income tax and imposition of penalties. Appellants contend that the Tax Court erred in determining their tax liability and in finding that Graham acted fraudulently in omitting certain items of income from Appellants' income tax returns.[1] We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm in all respects.

We agree with the Tax Court that the three-year limit found in 26 U.S.C. § 6501(a) does not apply because the Tax Court did not clearly err in finding that the underpayment of income related to the Anis Recovery Fund partnership was fraudulent.[2] See Maciel v. Comm'r, 489 F.3d 1018, 1027 (9th Cir.2007) (reviewing for clear error the Tax Court's factual findings, including valuation of assets and findings of fraud). The record contains numerous badges of fraud that support the Tax Court's finding that Graham acted fraudulently. See Estate of Trompeter v. Comm'r, 279 F.3d 767, 773 (9th Cir.2002) (discussing badges of fraud that courts have relied upon in finding that a taxpayer engaged in fraudulent conduct).

The Tax Court did not clearly err in its determination of the value of the Riverside orchard property. Nor did the Tax Court err in finding that Appellants

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The fraud penalty is imposed only on Albert Graham, the Commissioner having conceded that Martha Graham is not liable for the fraud penalty. References to "Graham" in this disposition, accordingly, are to Albert Graham.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

were liable for failing to report the income deposited by Charlene Edgar in Graham's personal bank account and then allegedly embezzled by Edgar. The allegedly embezzled funds were available for Graham's use because they were deposited in his personal bank account.

Finally, the Tax Court did not err in finding that Graham's omission of $135,421.64 in income from Appellants' 1998 tax return was fraudulent. The record amply supports the finding that Graham acted fraudulently in omitting the income.

The decision of the Tax Court is

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.