07-3377-cr
United States v. MacMillen

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2007

(Argued: June 19, 2008                    Decided: September 23, 2008)

Docket No. 07-3377-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-

CHRISTOPHER J. MACMILLEN,

*Defendant-Appellant*.

_____

Before:          HALL, LIVINGSTON, *Circuit Judges*, and MCMAHON, *District Judge*.[1]

Defendant-appellant Christopher J. MacMillen appeals from an August 3, 2007 judgment of

the United States District Court for the Western District of New York (Siragusa, J.) sentencing him

to 78 months' imprisonment and a lifetime term of supervised release following his plea of guilty

to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(1)(a)(5)(B). On

appeal, MacMillen challenges the imposition of two special conditions of supervised release: (1) that

he not frequent areas where children are likely to congregate; and (2) that the Probation Office be

---

[1]The Honorable Colleen McMahon of the United States District Court for the Southern
District of New York, sitting by designation.

permitted to address third-party risks with the defendant's employers.

Affirmed.

ANNE M. BURGER, Federal Public Defender (Jay Ovsiovitch, *of counsel*), Rochester, NY, *for Defendant-Appellant*.

STEPHEN BACZYNSKI, Assistant United States Attorney (Monica J. Richards, *on the brief*), *for* Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee*.

LIVINGSTON, Circuit Judge:

Defendant-appellant Christopher J. MacMillen appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, J.) sentencing him to 78 months' imprisonment and a lifetime term of supervised release following his plea of guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(1)(a)(5)(B). Specifically, MacMillen challenges two special conditions of supervised release imposed by the district court: (1) that he not frequent areas where children are likely to congregate; and (2) that the Probation Office be permitted to address third-party risks with the defendant's employers. For the reasons that follow, we affirm the judgment of the district court.

**BACKGROUND**

On April 20, 2007, MacMillen pleaded guilty to a one-count information charging him with possession of child pornography. Pursuant to a plea agreement with the government, MacMillen admitted that he had more than 600 images of child pornography on his computer, images he received via Internet transmissions. Some of the pictures, MacMillen admitted, depicted

prepubescent minors, while others included sadistic or masochistic images or portrayed acts of violence.

The parties agreed that the applicable sentencing range under the United States Sentencing Guidelines was 78 to 97 months' imprisonment, and that MacMillan could face a lifetime term of supervised release. The Presentence Investigation Report ("PSR") issued by the United States Probation Office arrived at the same Guidelines calculation and recommended sentencing range. The PSR also recommended numerous special conditions of supervised release. These included that MacMillen provide a DNA sample to be kept in the national DNA registry; that he alert the Probation Office in advance if he were to use computers or similar devices during his release and that he consent to the monitoring of such devices; that he register as a sex offender and enroll in mental health treatment for sex offenders; that he not have unsupervised contact with persons under 18 years of age; and that he be "prohibited from being on any school grounds, child care center, playground, park, recreational facility, or any area in which children are likely to congregate," with any "[e]xceptions . . . to be pre-approved by the U.S. Probation Office."

MacMillen filed a sentencing statement on July 2, 2007, requesting a sentence at the low end of the Guidelines range and a supervised release period of only five years. He objected to the PSR's proposed condition that he be "prohibited from being on any school grounds, child care center, playground, park, recreational facility, or any area in which children are likely to congregate." Relying principally on our decision in *United States v. Peterson*, 248 F.3d 79 (2d Cir. 2001) (*per curiam*), he complained that the condition, as written, was overbroad because it would prohibit him from being in any park, or even from going to the gym without first obtaining the approval of the

3

Probation Office. He also complained that the proposed condition was unconstitutionally vague because the phrase "where children are likely to congregate" failed to provide clear guidance as to where he might go, and because the PSR's suggested language effectively required Probation's approval before he could go anywhere.

At a July 31, 2007 sentencing hearing, the district court sentenced MacMillen to 78 months' imprisonment, to be followed by a lifetime term of supervised release. In considering MacMillen's arguments regarding the conditions of supervision, the court concluded that "a condition which states specifically that a Defendant is restricted from visiting places where children are likely to congregate such as parks, et cetera does, in fact, meet the requirements of the *Peterson* case." In "doing its best to comply with the language and requirements of the *Peterson* case," the district court imposed, *inter alia*, the following special condition of supervised release: "[T]he Defendant shall avoid and is prohibited from being on [sic] any areas or locations where children are likely to congregate[,] such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, and recreation parks, unless prior approval has been obtained from the probation office." The court emphasized that the list of enumerated places was "suggestive . . . not exclusive."

In a separate special condition of supervised release, the court "authorize[d] the probation office to address third-party risk issues [with] the Defendant's employers." The court thought the reason for this special condition was "obvious," but nonetheless explained that "[c]learly in this day and age employers may have access to computers and I want to make sure that they understand the potential risks." This special condition was imposed in addition to the standard condition of supervision ("Standard Condition 13") specifying that "as directed by the probation officer, the

defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement[s]." *See* U.S.S.G. § 5D1.3(c)(13) (recommending this language as a "standard" condition of supervised release).[2]

MacMillen now appeals from his sentence to the extent that it includes the special conditions of supervised release (1) requiring him to avoid places where children are likely to congregate, and (2) authorizing the Probation Office to discuss third-party risk issues with MacMillen's employers.

**DISCUSSION**

A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion. *See United States v. Dupes*, 513 F.3d 338, 342-43 (2d Cir. 2008). When a challenge to a condition of supervised release presents an issue of law, we review the imposition of that condition *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion. *See United States v. Johnson*, 446 F.3d 272, 277

---

[2]The special conditions in the court's written judgment of August 3, 2007 deviated slightly from the court's oral pronouncement at the sentencing hearing. The written judgment stated: "The defendant is directed to avoid and prohibited from frequenting any areas where it is likely that children may congregate, such as any school grounds, child care centers, playgrounds, theme parks, recreational facilities or parks and arcades unless prior approval has been obtained from the U.S. Probation Office." The final written judgment also provided that the Probation Office be "authorize[d] . . . to address third party risk issues with the defendant's employers." We note that where, as here, there is a variation "between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).

(2d Cir. 2006).

I.     *"Areas or Locations Where Children Are Likely to Congregate"*

MacMillen first complains that the special condition prohibiting him from frequenting locations where "children are likely to congregate" is both overly broad and unconstitutionally vague. The condition is overbroad, he claims, because it involves a greater deprivation of liberty than is necessary and precludes him from frequenting places where children are not likely to congregate. He claims that the condition is impermissibly vague because it does not provide him with sufficient notice of what is and is not permitted.

In *Peterson*, the sentencing court imposed the following special condition of release upon a defendant who had a prior state incest conviction: "[The] defendant is prohibited from being on any school grounds, child care center, playground, park, recreational facility or any area in which children are likely to congregate." 248 F.3d at 82. We held that, while a district court would not abuse its discretion in imposing a condition of release that "restricts [a] defendant's ability to visit places where children are likely to congregate," the condition as written in that case was "ambiguous and, depending on its meaning, excessively broad." *Id.* at 86. This was because it was unclear "whether the clause 'in which children are likely to congregate' applie[d] only to 'any area,' or to the other places listed." *Id.* That is, we found that it was "unclear whether the prohibition applie[d] only to parks and recreational facilities in which children congregate, or whether it would bar the defendant from visiting Yellowstone National Park or joining an adult gym." *Id.* While a district court is justified in prohibiting sex offenders from being in areas where children are likely to

congregate, we concluded, "there would be no justification to forbid the defendant from being at parks and educational or recreational facilities where children do not congregate." *Id.* Accordingly, we remanded for clarification of this condition. *Id.*; *accord United States v. Kieffer*, 257 F. App'x 378 (2d Cir. 2007); *United States v. Raftopoulos*, 254 F. App'x 829 (2d Cir. 2007).

MacMillen contends that the special condition imposed here is overbroad for the same reasons as the challenged condition in *Peterson*. We disagree. Notably, the district court did not impose the condition recommended in the PSR, which mirrored the problematic condition at issue in *Peterson*. Rather, the district court carefully reworked the PSR's proposed condition so that it applies *only* to places "where children are likely to congregate." The list following this operative phrase, which includes schools, playgrounds, and the like, is merely illustrative of the types of places where children are likely to be. Nothing in the court's enumeration of these types of places indicates that MacMillen is forbidden from entering areas where children are unlikely to be.

Indeed, in *Dupes*, we rejected a challenge to a special condition of supervised release that used language similar to the one MacMillen challenges here. The district court in that case ordered the defendant "to stay more than one hundred feet from places primarily used by children such as schoolyards, playgrounds and arcades." 513 F.3d at 342. We found that this condition did not suffer from the same infirmities as the condition in *Peterson*. *Id.* at 344 n.3. Accordingly, we conclude that the condition imposed upon MacMillen, which is much closer to the condition at issue in *Dupes* than to the one at issue in *Peterson*, is not impermissibly overbroad.

MacMillen's claim that this condition is unconstitutionally vague is likewise without merit. Due process requires that conditions of supervised release be "sufficiently clear to inform [the

7

defendant] of what conduct will result in his being returned to prison." *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003) (internal quotation marks omitted). A condition of supervised release is unconstitutional if it is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* But conditions of supervised release "need not be cast in letters six feet high, or . . . describe every possible permutation, or . . . spell out every last, self-evident detail." *United States v. Johnson*, 446 F.3d 272, 280 (2d Cir. 2006) (internal quotation marks omitted; alterations in original). They may provide the defendant sufficient notice of what conduct is prohibited "even if they are not precise to the point of pedantry." *Id.* (internal quotation marks omitted).

The condition challenged here provides MacMillen with adequate notice of what conduct is prohibited—namely, frequenting places where children are likely to congregate. In *Peterson*, we expressly stated that such conditions are permissible. 248 F.3d at 86. Moreover, in *Johnson*, we rejected a vagueness challenge to a condition of a supervised release, much like the one at issue here, prohibiting the defendant from being "in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds." 446 F.3d at 280-81. Finally, MacMillen's concern that he inadvertently may be in a place where children are likely to congregate is unavailing because conditions of supervised release "are read to exclude inadvertent violations." *Id.*

Accordingly, we conclude that the district court did not abuse its discretion in ordering MacMillen not to frequent locations where children are likely to congregate, and then appending to that formulation a non-exclusive list of exemplars.

## II. *Employer Notification*

MacMillen also complains that the special condition that authorizes Probation to discuss third-party risks with employers is overbroad because it "assumes that [his] employment will, in some form, be related to his offense of possessing images containing child pornography," even though not all types of employment require access to or use of computers. He contends also that absent guidelines established by the district court, this condition grants too much discretion to the Probation Office to determine when and whether to require employer notification.

MacMillen did not object to the special employer notification condition in the district court. The government therefore urges us to apply Rule 52(b)'s plain error standard. *See* Fed. R. Crim. P. 52(b); *Dupes*, 513 F.3d at 343. MacMillen argues that the plain error standard may be relaxed in this case because the employer notification condition was not recommended in the PSR, thus depriving him of sufficient notice to allow him to object. *See United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (plain error review may be relaxed where defendant challenges imposition of a condition of supervised release that was not recommended in the PSR); *accord United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003). We need not reach the question whether plain error review applies in this case, however, as we are not persuaded that the imposition of the special employer notification condition constituted error, plain or otherwise.

In *Peterson*, where the defendant was sentenced for bank larceny, the sentencing court imposed Standard Condition 13, as well as a special condition providing as follows: "Due to the defendant's criminal history and/or offense conduct, a third-party risk notification may be required. If required, the defendant must notify his employer of his conviction and/or criminal history." 248

9

F.3d at 85. We held that insofar as these conditions related to the bank larceny conviction, they constituted an impermissible delegation of judicial authority because the sentencing court "must determine, rather than leaving to the discretion of the probation officer, whether [employer] notification is required." *Id.* at 86. We stated that "[i]f the court believes such notification should be mandatory for certain types of employment but not others, the court may specify guidelines to direct the probation officer, but may not simply leave the issues of employer notification to the probation officer's unfettered discretion." *Id.* We therefore remanded for "clarification of the mandatory nature and scope of employer notification of the offense of conviction." *Id.*

MacMillen relies on this portion of *Peterson* to challenge the special employer notification condition imposed here.[3] And once again, we find that case to be distinguishable. Unlike in *Peterson*, where the district court provided no guidance to Probation as to what types of employment might require risk notification, the court in this case indicated that "the third party risk issues with the Defendant's employers" related to MacMillen's "access to computers" in the workplace. Moreover, MacMillen's offense of conviction—possessing computerized images of child pornography that had been obtained via the Internet—adequately informs Probation as to what circumstances might present a risk of recidivism, thus warranting employer notification. This is underscored further by a different special condition of supervised release which specifically authorizes Probation to monitor MacMillen's computer use and conduct unannounced inspections of any computers he may use–including computers he uses at work. The circumstances of this case therefore make it pellucidly clear that employers are to be notified of MacMillen's conviction when, because of the nature of

---

[3]MacMillen does not challenge the imposition of Standard Condition 13.

10

employment, there is a possibility that MacMillen will have access to a computer, and thus be presented with the opportunity to obtain computerized images of child pornography. Probation will not be operating in a vacuum when it considers whether and in what situations an employer should be informed of MacMillen's child pornography offense. Accordingly, we do not believe that remand pursuant to *Peterson* is necessary here, as Probation has been given sufficient "guidelines" to direct it in the application of the notification requirement.

For the same reasons, we reject MacMillen's contention that the special employer notification condition in this case was overbroad. Because the district court's statements at sentencing, as well as the circumstances of the case, inform Probation that the purpose of the employer notification condition is to aid the prevention of improper computer use, we are not persuaded that it can or will be read to apply to all types of employment, including those where MacMillen's use of a computer is unlikely. *See United States v. Nash*, 438 F.3d 1302, 1307 (11th Cir. 2006) (rejecting vagueness and overbreadth challenges to Standard Condition 13 where the defendant's fraud conviction and the circumstances of the case adequately informed Probation "as to which parties 'may be occasioned' to be harmed by [the defendant]," and where other portions of the sentence "direct[ed] the probation officer to enforce this condition of [the defendant's] supervised release with a view toward the prevention of future fraud and the fulfillment of her restitution obligations").

**CONCLUSION**

For the foregoing reasons, the judgment of the district court hereby is **AFFIRMED**.