08-6286-cr
United States v. Ayers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand ten.

PRESENT:   REENA RAGGI,
                     PETER W. HALL,
                              *Circuit Judges*,
                     GREGORY W. CARMAN,
                              *Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                     *Appellee*,

                     v.                                                    No. 08-6286-cr

MICHAEL JAMES AYERS,
                     *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JAMES P. EGAN, Research & Writing Specialist (Lisa A. Peebles, First Assistant Public Defender, *on the brief*), *for* Alexander Bunin, Federal Public Defender for the Northern District of New York, Syracuse, New York.

---

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

APPEARING FOR APPELLEE:    GWENDOLYN CARROLL, Assistant United States Attorney (Thomas P. Walsh, Assistant United States Attorney, *on the brief*), *for* Andrew T. Baxter, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 13, 2009, is AFFIRMED.

Defendant Michael James Ayers, presently serving a ten-year term of supervised release following 60 months' incarceration on his 2004 conviction for receipt of child pornography, see 18 U.S.C. § 2252A(a)(2)(A), (B), appeals from an order modifying the conditions of his supervision to include polygraph and computerized voice-stress examinations. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

In general, a district court may impose a special condition of supervised release so long as the condition (1) is "reasonably related" to the nature of the offense and to the goals of deterrence, rehabilitation, and public safety described in 18 U.S.C. § 3553(a); (2) "involves no greater deprivation of liberty than is reasonably necessary" to achieve these purposes of sentencing; and (3) "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(1)-(3); see also United States v. MacMillen, 544 F.3d 71, 74-75 (2d Cir. 2008) (recognizing district court's "wide latitude" in imposing supervised release conditions). Ayers does not dispute that the ordered

2

examinations satisfy the first and third statutory requirements. He contends that the condition violates the second requirement because the district court's failure to prohibit the use of the examination results in any subsequent civil commitment proceeding under 18 U.S.C. § 4248 effects a greater deprivation of liberty than is warranted by the legitimate objects of supervision.

1.    Jurisdiction

The United States submits that Ayers's appeal is not ripe for review. The constitutional requirement of ripeness derives from Article III's limitation of federal jurisdiction to live cases or controversies. See U.S. Const. art. III, § 2; United States v. Johnson, 446 F.3d 272, 278 (2d Cir. 2006). To demonstrate ripeness, Ayers must assert "a direct and immediate impact" from the challenged condition. United States v. Johnson, 446 F.3d at 279 (internal quotation marks omitted); see also Simmonds v. INS, 326 F.3d 351, 358 (2d Cir. 2003).

Here, Ayers submits that, absent restrictions on the use of information obtained through polygraph or voice-stress testing, he will be forced to choose between refusing to undergo testing at the risk of having his supervised release revoked and submitting to testing at the risk of providing information that could be used to effect his civil commitment. The government responds that the possibility of Ayers's civil commitment is too remote because the law provides for such commitment only for persons already in custody. See 18 U.S.C. § 4248(a). For Ayers to be reordered to custody, he would have to violate the conditions of

3

his supervision or be convicted of some other crime, events that might never occur. See United States v. Johnson, 446 F.3d at 279 (observing that challenge generally lacks ripeness if it concerns issues that might never arise). The government overlooks the fact that the injury Ayers asserts on this appeal is not possible commitment but the mandate that he provide information that could support such commitment. In Johnson, we held that a Fifth Amendment challenge to a supervised release condition requiring polygraph testing was ripe when the condition was imposed because it presented the defendant with the present dilemma of invoking his right against self-incrimination at the risk of release revocation or of revealing misconduct that could support a future prosecution. Id. For reasons discussed in the next section, Ayers's objection to providing evidence that might be used in a commitment proceeding is not supported by the Fifth Amendment or any other legal authority. That failing, however, goes to the merit of his claim, not its ripeness. It is not the prosecution or commitment that must be imminent to demonstrate ripeness, but the challenged disclosure of information.

Because Ayers's appeal is ripe, we proceed to exercise jurisdiction over his claim.

2. The Challenged Condition Does Not Impermissibly Intrude on a Liberty Interest

In determining whether a condition of supervised release imposes an unnecessary deprivation of liberty, "we must first identify the cognizable liberty interest with which the condition interferes." United States v. Reeves, 591 F.3d 77, 82 (2d Cir. 2010) (internal quotation marks omitted). As noted, Ayers does not raise a general liberty challenge to the

4

use of polygraph testing. Nor does he question our conclusion in Johnson that such testing can further the legitimate sentencing goals of rehabilitation and deterrence without imposing an excessive deprivation of liberty. See 446 F.3d at 278. His sole challenge is to the district court's failure to prohibit the use of testing results in any future civil commitment proceedings.

The absence of such a prohibition does not intrude on a cognizable liberty interest. The Self-Incrimination Clause of the Fifth Amendment is expressly limited to "any criminal case." U.S. Const. amend. V; see United States v. Ward, 448 U.S. 242, 248 (1980). Moreover, federal regulations contemplate that civil commitment decisions will be based on all available relevant evidence. See generally 28 C.F.R. § 549.90(c) ("In determining whether a person is a sexually dangerous person and should be so certified, the Bureau [of Prisons] will consider any available information in its possession . . . .").

Ayers nevertheless suggests that because no statutory or constitutional provision expressly bars the use of the ordered examination results during civil commitment proceedings, the district court was required to provide such protection to ensure that the condition did not reach farther than required by legitimate sentencing concerns. The argument misunderstands the nature of the relevant inquiry under 18 U.S.C. § 3583(d)(2), which focuses on the unnecessary deprivation of liberty as reflected in an existing right. See United States v. Johnson, 446 F.3d at 280 (upholding supervised release condition of mandatory polygraph testing because condition did not impair later invocation of defendant's

5

Fifth Amendment privilege against self incrimination); United States v. Myers, 426 F.3d 117, 125 (2d Cir. 2005) (examining whether condition barring visitation "interfered with [defendant's] constitutionally protected liberty interest in his relationship with his child"). Here, nothing in the challenged supervised release condition deprives Ayers of existing protections available in a civil commitment proceeding, including the right to challenge the use, reliability, and probative value of any statements made by him during supervised release testing. See 18 U.S.C. § 4247(d) (describing procedural protections afforded during civil commitment hearing).

Moreover, the use of supervised release testing results in civil commitment proceedings is hardly unrelated to the sentencing goals of deterrence, public safety, and rehabilitation, given the commitment statute's focus on (1) protecting the public from people who "would have serious difficulty in refraining from sexually violent conduct or child molestation if released," 18 U.S.C. § 4247(a)(6); and (2) providing treatment for such people, see id. § 4248(d), (e). Finally, the challenged supervised release condition does not make Ayers's test results generally available. Indeed, it requires a court order for disclosure of test information beyond the United States Probation Department, thereby affording the court and the parties the flexibility to address the propriety of particular disclosures as circumstances warrant.

Under these circumstances, we identify no merit in Ayers's legal claim that, without a limitation on the use of test information in commitment proceedings, the testing condition

6

of his supervised release violated 18 U.S.C. § 3583(d)(2).  See United States v. Reeves, 591 F.3d at 80 (providing for de novo review of legal challenge to supervised release condition). Having identified no legal error, we conclude that the district court did not abuse its discretion in imposing this condition.  See United States v. MacMillen, 544 F.3d at 74.

We have considered Ayers's remaining arguments on appeal and conclude that they lack merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court