17-891-cr
*United States v. Franco*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand eighteen.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges*,
> DENISE COTE,
> > *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee*,

> v.                                                            17-891-cr

PAUL FRANCO, AKA PAUL LOUIS VENDREDI, AKA
PAUL PASTORE, AKA MARC MERRILL, AKA MARC
LEE MERRIL, AKA PAUL MICHAEL PASTORE,
> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                      JILAN KAMAL, Assistant United States
                                   Attorney (Sarah K. Eddy, Assistant United
                                   States Attorney, *on the brief)*, *for* Geoffrey S.
                                   Berman, United States Attorney for the
                                   Southern District of New York, New York,
                                   New York.

FOR DEFENDANT-APPELLANT:           ROBERT ROSENTHAL (Darrell Fields, Federal
                                   Defenders of New York, *on the brief*), New
                                   York, New York.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and the case is **REMANDED** for further proceedings.

Defendant-appellant Paul Franco appeals from a judgment entered March 29, 2017, convicting him of escape from federal custody, in violation of 18 U.S.C. § 751(a), for failing to report to a residential reentry center. Franco challenges three special conditions of supervised release included in the district court's sentence imposed March 28, 2017. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2012, Franco was charged with aggravated identity theft in violation of 18 U.S.C. § 1028A, and access device fraud in violation of 18 U.S.C. §§ 1029(a)(5) and (b)(1). He pleaded guilty to both counts and was sentenced to 24 months' imprisonment on each count, to be served consecutively, and three years of supervised

- 2 -

release. On October 21, 2015, Franco was released on transfer furlough from the Federal Correctional Institution in Elkton, Ohio, and was given a bus ticket with instructions to report to the Bronx Residential Reentry Center (the "BRCC") to serve out the remainder of his sentence. He failed to report to the BRCC. On October 3, 2016, Franco was arrested in Tennessee.

On November 16, 2016, Franco pleaded guilty, pursuant to a plea agreement, to the instant escape charge. In the plea agreement, Franco agreed he would "not file a direct appeal . . . of any sentence within or below the Stipulated Guidelines Range of 8 to 14 months' imprisonment" and that he would "not . . . appeal any term of supervised release that is less than or equal to the statutory maximum." App'x at 15-16.

In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). Franco's offense level was 7 and his criminal history category was IV, based on two prior convictions and because he was under a criminal justice sentence when he committed the instant offense. Franco had other convictions and violations that were not counted in his criminal history score because of their age.

On March 28, 2017, the district court sentenced Franco to a term of imprisonment of one year and a day. The court also imposed a three-year term of supervised release with five special conditions. Franco objected to three of the conditions. Special Condition 4 required him to "undergo a sex-offense-specific"

evaluation, "participate in a sex offender and/or mental health treatment" program, and abide by the rules and conditions of the sex offender treatment program. App'x at 52. Special Condition 5 prohibited Franco from having "deliberate contact" with anyone "under 18 years of age, unless approved by the probation officer," and from loitering within 100 feet of places primarily used by people under the age of 18, such as "schoolyards, playgrounds, [and] arcades." *Id*. Special Condition 3 permitted the Probation Department to search any "computer (as defined in 18 U.S.C. § 1030(e)(1))" and other "electronic communications, data storage devices and/or other media," under his control. *Id*.

As a preliminary issue, notwithstanding the appellate waiver in the plea agreement, we conclude that Franco may challenge the special conditions of supervised release. We review "appeal-waiver provisions narrowly and construe them strictly against the Government." *United States v. Oladimeji*, 463 F.3d 152, 157 (2d Cir. 2006) (citation and internal quotation marks omitted). In his plea agreement, Franco agreed he would not "appeal any *term* of supervised release that is less than or equal to the statutory maximum," App'x at 16 (emphasis added), but he did not waive the right to appeal the *conditions* of supervised release. Accordingly, Franco did not waive his right to appeal the special conditions of supervised release. *See United States v. Burden*, 860 F.3d 45, 54 (2d Cir. 2017) (per curiam) ("When an appeal waiver is silent regarding a

- 4 -

specific aspect of a sentence, this Court generally finds that the appeal waiver does not foreclose challenges to that aspect of the sentence." (alteration omitted)).

We review sentencing decisions for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We review *de novo* questions of law arising from the imposition of a condition of supervised release. *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006). "A district court retains wide latitude in imposing conditions of supervised release," *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008), and so we subject the conditions themselves to "an abuse of discretion standard, where any error of law constitutes an abuse of discretion," *Johnson*, 446 F.3d at 277. The sentencing court must state the reasons for its imposition of the sentence in open court. *See* 18 U.S.C. § 3553(c). The failure to adequately explain its chosen sentence, including the terms of imprisonment and supervised release, may constitute procedural error. *Cavera*, 550 F.3d at 190. In *United States v. Betts*, 886 F.3d 198 (2d Cir. 2018), which was decided after the district court imposed its sentence in this case, we held that "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *Id.* at 202.

We conclude that the district court did not adequately explain why it imposed Special Conditions 4 and 5. These conditions require Franco to attend sex offender treatment programs, waive confidentiality in treatment records, and restrict

his movement. The instant offense, however, was not a sex offense. Based on the record as it stands in this appeal, it is not apparent why the district court imposed Special Conditions 4 and 5. The court did not "state on the record" the reason for imposing those conditions, and in light of *Betts*, that was error. *Id*.

With respect to Special Condition 3, we conclude that the district court did not abuse its discretion in imposing it. The 2009 search of Franco's residence discovered unauthorized use of an unmonitored computer. Franco also used a computer in connection with his 2012 conviction for aggravated identity theft and access device fraud. Finally, Franco is already subject to another search condition, which he has not challenged, and has failed to articulate any meaningful difference between the two search conditions. For these reasons, we conclude that the district court did not abuse its discretion in applying Special Condition 3.

Accordingly, we remand to the district court to reconsider whether the Special Conditions 4 and 5 are warranted, and if so, to explain further its rationale for imposing them. The district court may invite the parties to further develop the record to support or oppose the imposition of these conditions, and keep, modify, or drop the conditions. Upon such decision by the district court, either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal. In the event that either party seeks further action from this Court, the matter will be referred to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) (recognizing the

authority of federal appellate courts to seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record").

Accordingly, we **AFFIRM** the judgement of the district court in part and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk