19-1104-cr
*United States v. Olsen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                           No. 19-1104-cr

JOSHUA DAVID OLSEN, AKA JOSHUA OLSEN,

> *Defendant-Appellant*.

_____

For Appellee:                        Thomas R. Sutcliffe, Geoffrey J.L. Brown, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:             James P. Egan, Assistant Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Joshua David Olsen appeals from a judgment of conviction entered on April 19, 2019 by the United States District Court for the Northern District of New York (D'Agostino, *J.*) imposing a sentence consisting principally of 240 months' imprisonment after Olsen pleaded guilty to five counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Olsen first argues that the district court committed procedural error by relying on a clearly erroneous fact in sentencing Olsen. In reviewing this challenge, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).[1] A district court commits procedural error where it improperly calculates the Sentencing Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Where a defendant fails to raise his procedural reasonableness challenge below, we review for plain error. *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019). "To establish plain error, a defendant must demonstrate that: (1) there is

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

2

an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* We do not, however, apply the plain error doctrine stringently in the sentencing context. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012).

First, Olsen challenges the district court's statement that he "threatened" two of his minor victims when he instructed them to engage in oral sex. App'x 93. According to Olsen, the record supplies no evidence of a threat in connection with the episode at issue. But Paragraph 16 of the pre-sentence report, to which Olsen did not object, indicates that at one point during Olsen's interactions with one of the minor victims who engaged in oral sex, Olsen threatened to post explicit pictures of the minor victim for his friends to see and threatened to have a parent punish him. Accordingly, the district court did not clearly err in making the statement.

Second, Olsen argues that the district court committed procedural error because it failed adequately to explain its reasons for imposing a 30-year term of supervised release and inappropriately stated that it was "erring on the side of caution" in doing so. App'x 99. We disagree. District courts are required to consider certain 18 U.S.C. § 3553 factors when determining the length of a term of supervised release. 18 U.S.C. § 3583. "Absent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors, and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015). Applying that presumption here, we conclude that the district court satisfied its obligation to consider the relevant factors and to "state in open court the reasons for

3

its imposition of the particular sentence." 18 U.S.C. § 3553(c). It stated that its imposition of a 30-year term of supervised release was driven primarily by its desire to prevent Olsen from reoffending upon release from prison. When understood as part of the district court's broader discussion of the seriousness of Olsen's offense and his prior sexual relationship with a minor, the district court's explanation for its imposition of a 30-year term of supervised release was sufficient. We also reject Olsen's argument that the district court's statement that it was "erring on the side of caution" violated the 18 U.S.C. § 3553(a)'s parsimony clause because that statement does not suggest that the district court understood the term of supervised release to be greater than necessary. *See* 18 U.S.C. § 3553(a).

Finally, Olsen challenges the district court's imposition of two special conditions of supervision restricting Olsen's access to places where children might be present as overbroad and vague. Due process requires that conditions of supervised release be "sufficiently clear to inform [the defendant] of what conduct will result in his being returned to prison." *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003). A condition of supervised release is unconstitutional if it is so vague that people "of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* But conditions of supervised release "need not be cast in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail." *United States v. Johnson*, 446 F.3d 272, 280 (2d Cir. 2006). They may provide the defendant sufficient notice of what conduct is prohibited "even if they are not precise to the point of pedantry." *Id*.

We affirm the district court's imposition of special condition three. The district court explained at sentencing that the condition is not intended to prevent Olsen from visiting establishments where contact with minors may be incidental. Rather, it is intended "to prevent

4

[Olsen] from frequenting establishments where the focus of and the primary presence or intention of the establishment is children." App'x 102. The condition includes a non-exhaustive list of places that Olsen is prohibited from visiting, including parks, schools, playgrounds, and childcare facilities, and provides that he may nonetheless be able to visit such places with the permission of his probation officer. *See United States v. MacMillen*, 544 F.3d 71, 75 (2d Cir. 2008). Accordingly, we reject Olsen's challenge.

We likewise affirm the district court's imposition of special condition four. The special condition is not overbroad because it prohibits him from visiting places only "for the primary purpose of observing or contacting children." Nor is it unconstitutionally vague. *See United States v. Ray*, 746 Fed. App'x 593, 593-94 (7th Cir. 2019). Based on the circumstances of this case, a person of "common intelligence" can understand if they were going to a place "for the primary purpose" of observing children.

We have considered Olsen's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5