19-1496-cr
United States v. Robinson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.

CAMMRON ROBINSON, AKA CAMMRON A.     No. 19-1496
ROBINSON,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Office of the Federal Public Defender, Syracuse, NY.

FOR APPELLEE: Geoffrey J.L. Brown, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Cammron Robinson appeals from a judgment of conviction entered by the District Court (McAvoy, J.) after a plea of guilty to four counts of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a), (e), and 2(b). Robinson was sentenced principally to a term of imprisonment of 360 months and a 15-year term of supervised release. On appeal, Robinson

2

challenges his sentence as substantively unreasonable and also objects to two special conditions of his supervised release. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Substantive Reasonableness of 360-Month Sentence

We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted). Robinson argues that his sentence was substantively unreasonable primarily because the District Court failed to account for mitigating factors and overstated the severity of Robinson's offense. We are not persuaded. Robinson's sentence fell far below the applicable Guidelines sentence of life. In imposing the sentence, the District Court adequately considered several mitigating factors in Robinson's favor, such as Robinson's age, his history of sexual abuse as a child, and his lack of criminal history. The District Court also considered the circumstances of Robinson's offense in determining his sentence, including the number of minors involved

3

and Robinson's use of threats to coerce the minors into sending him sexually explicit images, Robinson's possession of a large amount of child pornography that was not charged, and the fact that the record indicated that he had sexually exploited a number of other minors. For these reasons, we reject Robinson's argument that his 360-month sentence was substantively unreasonable.

2. Special Conditions of Supervised Release

Robinson also challenges two special conditions of his supervised release—Special Conditions three and four—as overbroad and vague. Although he had an opportunity to do so, Robinson failed to object to the conditions on these grounds before the District Court, so we review for plain error. See Fed. R. Crim. P. 52(b).

Due process requires that conditions of supervised release be "sufficiently clear to inform [the defendant] of what conduct will result in his being returned to prison." United States v. Simmons, 343 F.3d 72, 81 (2d Cir. 2003) (quotation marks omitted). A supervised release condition cannot be so vague that people "of common intelligence must necessarily guess at its meaning and differ as to its application." Id. (quotation marks omitted).

4

Special Condition three provides that Robinson "must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities without the permission of the probation officer." App'x 120. Robinson argues that this condition imposes a greater deprivation of liberty than is necessary, relying principally on United States v. Peterson, 248 F.3d 79 (2d Cir. 2001). This condition is distinguishable from the condition in Peterson, which arguably prohibited the defendant from visiting some areas regardless of the likelihood of children being present. Id. at 86. By contrast, "[n]othing in the court's enumeration of the[] types of places" Robinson can visit "indicates that [Robinson] is forbidden from entering areas where children are unlikely to be." United States v. MacMillen, 544 F.3d 71, 75 (2d Cir. 2008). Moreover, we have previously upheld conditions of supervised release prohibiting defendants from being in locations where "children are likely to congregate." Id. Although Robinson asserts that the phrase "likely to be" in Special Condition three sweeps much more broadly than "likely to congregate," we are not persuaded that the difference is so great or obvious as to support a finding of "plain error." Special

5

Condition three further provides that he may nonetheless be able to visit places where children are likely to be with the permission of his probation officer. Accordingly, under plain error review, we reject Robinson's challenge to Special Condition three.

Special Condition four provides that Robinson "must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18." App'x 120. It was not plain error to conclude that a person of "common intelligence" could understand if they were going to a place for the primary purpose of observing children, as opposed to visiting a place where observing children is merely incidental to the primary purpose of the visit. See Simmons, 343 F.3d at 81. We therefore also reject Robinson's challenge to Special Condition four under plain error review.

We have considered Robinson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6