19-3931-cr
*United States v. Bleau*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                    *Circuit Judges,*
           VICTOR MARRERO,
                    *District Judge.* [*]

---

UNITED STATES OF AMERICA,

                    *Appellee,*                                    19-3931-cr

                    v.

KEITH BLEAU, AKA KEITH J. BLEAU,

                    *Defendant-Appellant.*

---

**FOR APPELLEE:**                                   Richard D. Belliss and Michael D.
                                                    Gadarian, Assistant United States
                                                    Attorneys, *for* Antoinette T. Bacon, Acting
                                                    United States Attorney for the Northern
                                                    District of New York, Syracuse, NY.

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**               James P. Eagan, Assistant Federal
                                           Defender, *for* Lisa Peebles, Federal
                                           Defender for the Northern District of
                                           New York, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Keith Bleau ("Bleau") pleaded guilty to receipt and possession of child pornography and was sentenced to concurrent 78-month terms of imprisonment and fifteen years' supervised release. On appeal, Bleau challenges a condition of his supervised release prohibiting him from having direct contact with minors without first obtaining permission from his probation officer ("Special Condition No. 2"). This appeal returns to us for the second time. The District Court re-imposed Special Condition No. 2 after a remand from this Court "with instructions that the District Court either state on the record[] its reasons for imposing that special condition, or modify the sentence to eliminate that special condition." *United States v. Bleau*, 930 F.3d 35, 44 (2d Cir. 2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion." *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). An abuse of discretion is "[a]n erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Bello*, 310 F.3d 56, 59 (2d Cir. 2002) (internal quotation marks omitted). Here, we cannot find that the District Court abused its discretion, when, after its review of the record and the arguments raised by counsel, it explained that Special Condition No. 2 is reasonably related to the sentencing goals of protecting the public from further crimes of Bleau and promoting Bleau's rehabilitation. *See* 18 U.S.C. § 3583(d)(1). Contrary to Bleau's argument that the condition is unreasonable because there was no indication that he ever contacted or attempted to contact a child, we have previously approved an identical condition for a defendant who had "never previously contacted or attempted to contact children" but for whom the District Court, like the District Court here, found the condition justified after a reasoned and individualized assessment. *United States v. Likens*, 831 F. App'x 22, 24 (2d Cir. 2020). Special Condition No. 2 is also not unduly restrictive—Bleau may still have pre-approved contact with minors and he is permitted unapproved incidental contact with minors during daily activities in public places. *See* 18 U.S.C. § 3583(d)(2). This distinguishes Special Condition No. 2 from the condition we considered—and rejected—in *United States v. Jenkins*, which involved a 25-year term of supervised release and banned

both direct and indirect contact with minors unless supervised by a person approved by the Probation Department. 854 F.3d 181, 194-95 (2d Cir. 2017).

## CONCLUSION

We have reviewed all of the arguments raised by Bleau on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 13, 2019 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk