23-6622
*United States v. Baker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

  v.              23-6622

JONATHAN BAKER,

    *Defendant-Appellant.*\*

---

FOR APPELLEE:       THOMAS R. SUTCLIFFE (Lisa M. Fletcher, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:    MELISSA A. TUOHEY, Office of the Federal Public Defender, Syracuse, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2006, Appellant Jonathan Baker was convicted of conspiracy to possess crack cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841, 846. The district court sentenced Baker principally to a 240-month term of imprisonment and a 10-year term of supervised release (with conditions). We affirmed that judgment. *United States v. Parker*, 554 F.3d 230, 240 (2d Cir. 2009). In 2019, Baker began his first term of supervised release. Because of his repeated violations of the conditions of his supervised release, Baker was sentenced to an additional 7-month term of imprisonment and a 10-year term of supervised release. In 2021, Baker began his second term of supervised release. But in 2023, the Probation Office filed a petition for revocation, alleging three more violations of Baker's conditions of supervised release. On May 3, 2023, the district court held a revocation hearing and sentenced Baker to a 10-month term of imprisonment, an 8-year term of supervised release, and six special conditions.

On appeal from that sentence, Baker now challenges the fourth and sixth special conditions of his supervised release. Special Condition Four states: "You shall not enter, remain in, or patronize any establishment whose business or purpose is the provision or sale of alcoholic beverages for on-site consumption, including, but not limited to bars, taverns, lounges, and nightclubs. This prohibition applies to the bar section of any restaurant." App'x at 171. Special Condition Six states: "You shall reside for a period of 60 days in a residential reentry

2

center or other suitable facility and shall observe the rules of that facility." *Id*. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion." *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). "A sentencing court may impose special conditions that are reasonably related to 'the nature and circumstances of the offense and the history and characteristics of the defendant'; 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; 'the need to protect the public from further crimes of the defendant'; and 'the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,' and which 'involve no greater deprivation of liberty than is reasonably necessary' for these purposes." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quoting U.S.S.G. § 5D1.3(b)). A "district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023) (quoting *Betts*, 886 F.3d at 202). But even when a district court imposes a special condition without providing particularized findings, "we may nonetheless affirm 'if the district court's reasoning is self-evident in the record.'" *Id*. (quoting *Betts*, 886 F.3d at 202).

Here, the district court thoroughly reviewed the 18 U.S.C. § 3553(a) factors and adequately explained the special conditions. As to the sentence of imprisonment, the district court specifically noted Baker's "recent conviction for driving while intoxicated and continued alcohol use while under supervision, despite having been given many opportunities to address his

3

substance abuse through corrective intervention, including outpatient treatment." App'x at 163-64. As to Special Condition Four, the district court made clear that the condition is "justified due to the defendant's history of substance abuse and continued alcohol use while under supervision." *Id*. at 163. The district court further explained that "[m]onitoring for abstinence from substances and location restrictions serve to promote accountability for the defendant; support prosocial choices; and enhance community safety." *Id*. And as to Special Condition Six, the district court found it "warranted under the history of this case." *Id*.

Those explanations sufficed. And in any event, the justification for both conditions is "self-evident." *Betts*, 886 F.3d at 202 (cleaned up). During his first term of supervised release, Baker twice drove while intoxicated, menaced with a weapon in an incident involving alcohol, twice tested positive for alcohol, failed to report to drug testing, and admitted to drinking on multiple occasions. During his second term of supervised release, Baker again drove after drinking and failed two more alcohol tests. In imposing Special Conditions Four and Six, the district court thus reasonably recognized that Baker's "many opportunities to address his substance abuse through corrective intervention" did not work, and that more aggressive restrictions were necessary. App'x at 164.

Baker challenges Special Condition Four as overbroad and vague. But that condition restricts access only to establishments "whose business or purpose is the provision or sale of alcoholic beverages for on-site consumption." That does not prevent Baker from dining out, so long as he avoids "the bar section of any restaurant." Nor does Special Condition Four leave unclear the types of establishments at issue, as it specifies that the ban includes "bars, taverns, lounges, and nightclubs."

4

Baker also argues that Special Condition Six is "punitive rather than rehabilitative because the court failed to provide Baker with needed substance abuse treatment." Appellant's Br. at 8. This challenge to Special Condition Six is now moot because Baker was released from the residential reentry center on December 23, 2023. In any event, Special Conditions One and Two require that Baker receive mental health and substance abuse treatment.

Finally, Baker's reliance on *United States v. Forney*, 797 F. App'x 31 (2d Cir. 2019), is misplaced. *Forney* vacated a restriction identical to Special Condition Four because "the district court did not explain why this additional restriction [wa]s necessary." *Id*. at 33. But here, the district court explained that it imposed the condition "to promote accountability for the defendant; support prosocial choices; and enhance community safety." App'x at 163. And we have upheld this type of special condition under substantively similar circumstances. *See, e.g.*, *United States v. Curry*, No. 23-6645, 2024 WL 3083391, at *5 n.2 (2d Cir. June 21, 2024) ("This case is distinguishable from *United States v. Forney*" because "the district court provided a justification for the imposition of Special Condition Eight.").

In sum, the district court did not abuse its discretion in imposing the special conditions.

\*     \*     \*

We have considered Baker's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5