19-3381-cr
*United States v. Jenkins*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT:    AMALYA L. KEARSE,
            GERARD E. LYNCH,
            WILLIAM J. NARDINI,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                                                    No. 19-3381

JOSEPH JENKINS, AKA SEALED DEFENDANT,

       *Defendant-Appellant*.

---

FOR APPELLEE:                          Carina H. Schoenberger, Assistant United
                                       States Attorney, *for* Antoinette T. Bacon,
                                       Acting United States Attorney for the
                                       Northern District of New York, Syracuse,
                                       NY.

FOR DEFENDANT-APPELLANT:                Melissa A. Tuohey, Assistant Federal Public
                                       Defender, *for* Lisa A. Peebles, Federal
                                       Public Defender, Syracuse, NY.

                                       Joseph Jenkins, *pro se* Supplemental Brief,
                                       White Deer, PA.

On appeal from a final judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Jenkins appeals from a second amended judgment of conviction entered on October 8, 2019, by the district court. In 2014, a jury found Jenkins guilty of possessing and transporting child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(a)(1). On remand from this Court following two prior sentencings before a different judge,[1] the district court resentenced Jenkins to 144 months of imprisonment and 15 years of supervised release. We assume the parties' familiarity with the record.

Jenkins challenges his sentence as substantively unreasonable. He contends that the district court placed undue weight on his failure to accept responsibility, obstruction of justice, and risk of reoffending. He also objects to special conditions of supervised release restricting his access to minors and requiring him to notify future employers of his conviction. For the reasons stated below, we affirm the judgment of the district court.

### I.  Substantive Reasonableness

"District judges are given considerable discretion in fashioning the proper sentence for criminal defendants." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018). "A sentence is substantively unreasonable only if it cannot be located within the range of permissible decisions." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks omitted). While we "may consider whether a factor relied on by a sentencing court can bear the weight assigned to

---

[1] *See United States v. Jenkins*, 768 Fed. App'x 36 (2d Cir. 2019); *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017).

it[,] . . . we do not consider what weight we would ourselves have given a particular factor." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc).

We affirm the district court's imposition of the 144-month prison sentence and the 15 years of supervised release as substantively reasonable in light of Jenkins's failure to accept responsibility, repeated attempts to obstruct justice, and callous disregard for child victims. While Jenkins's Guidelines range was 210 to 262 months, the district court determined that a downward variance to 144 months of imprisonment was sufficient but not greater than necessary to comply with the purposes of sentencing. In reaching that conclusion, the district court carefully weighed the need to reflect the seriousness of Jenkins's offense, promote respect for the law, provide adequate deterrence, and protect the public. *See* 18 U.S.C. § 3553(a). The district court appropriately distinguished Jenkins from run-of-the-mill child pornography defendants based on his persistent denial of wrongdoing, perjury at trial, and "relentless attempts to avoid any culpability during court proceedings and to blame others, including the child victims." Joint Appendix ("J.A.") 346. These factors informed the district court's conclusion, "[b]ased on the totality of the circumstances," that Jenkins's "risk of recidivating is higher than most child pornography offenders." J.A. 346. We discern no abuse of discretion in the district court's imposition of this below-Guidelines sentence, which was well "within the range of permissible decisions." *Betts*, 886 F.3d at 201.

The prison sentence was also procedurally reasonable. Citing *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), Jenkins challenges the district court's application of various Guidelines enhancements for his non-production child pornography offenses. As Jenkins admits, however, the district court resentenced him far below the Guidelines range. While Jenkins argues that the district court should have gone still lower to the statutory minimum five-year term, as

noted above, the 144-month term was reasonable. Moreover, the district court's explanation for its sentence was sufficient to facilitate appellate review. Having explained why its 144-month sentence was justified, the district court was not obliged to further explain why it did not impose Jenkins's preferred five-year sentence—or indeed any other sentence. We have "never required a district court to explain in open court why any particular unselected sentence would be inappropriate." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). As explained above, the district court clearly articulated the reasons for the sentence it selected, based on Jenkins's perjury at trial and alarming denial of responsibility—factors that set Jenkins apart from run-of-the-mill cases.

Equally unavailing is Jenkins's contention that the district court should have reviewed the latest social science critiquing earlier findings that sex offenders pose a high risk of recidivism. The studies Jenkins cites are not specific to child pornography defendants, involve follow-up periods of five years or less, and necessarily do not account for unreported crimes. Even if such studies accurately captured recidivism rates for child pornography defendants generally, it was well within the district court's discretion to conclude that Jenkins was more likely to recidivate than the average non-production offender, given his adamant denial of responsibility and obstruction of justice.

We similarly affirm Jenkins's supervised release term. In explaining the need for a fifteen-year period of post-release supervision, the district court properly focused on the risk Jenkins would reoffend. *See* 18 U.S.C. § 3583(c). A "lengthy period of supervision" was necessary because Jenkins "refused to accept any responsibility for his actions" and "attempted to obstruct proceedings," suggesting that "he thinks he did nothing wrong" and is therefore "more likely to continue his illegal conduct upon ending his present term." J.A. 348. Further, notwithstanding the

4

"abundant evidence" of Jenkins's sexual interest in children, his "refusal to acknowledge the criminal consequences of expressing that interest by viewing and collecting child pornography" evinced "a desire to commit crimes without consequences," requiring "closer surveillance" and "tighter restrictions" to protect the public. J.A. 349. The district court's predictive assessment—which is a factual finding—that Jenkins is likely to recidivate if left unsupervised is not clearly erroneous. *See Cavera*, 550 F.3d at 190 (explaining that a district court errs when it relies on a "clearly erroneous finding of fact"). Rather, "giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," we conclude that "the totality of the circumstances" amply supports the district court's imposition of an extended term of supervision. *Id*. at 190-91.

## II.     Special Conditions of Supervised Release

"Implicit in the very nature of supervised release is that certain conditions are necessary to effect its purpose." *United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999). "A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing," including "the need to protect the public from further crimes of the defendant." *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (internal quotation marks omitted). "A district court retains wide latitude in imposing conditions of supervised release, and we therefore review a decision to impose a condition for abuse of discretion." *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008).

Here, the district court acted within its discretion in imposing tailored restrictions on Jenkins's access to minors. The court made an individualized judgment not to allow Jenkins unsupervised access to children without preapproval from his probation officer based on his "large child pornography collection, . . . relentless attempts to avoid culpability and to blame

others, . . . [and] demonstrated interest in adults having sex with young children." J.A. 351-52. For the same reason, the district court imposed a special condition barring Jenkins from visiting "any place . . . children under the age of 18 are likely to be, including parks, schools, playgrounds and childcare facilities" without preapproval. J.A. 351. Both conditions are commonsensical and minimally restrictive, allowing for incidental contact with children in public places Jenkins might visit for appropriate purposes, and for direct contact after receiving probationary approval. These conditions, substantially equivalent to others we have previously approved, permit Jenkins to live relatively normally while steering him away from contexts in which he might be tempted to commit a contact offense. *See, e.g.*, *MacMillen*, 544 F.3d at 75; *United States v. Dupes*, 513 F.3d 338, 342, 344 (2d Cir. 2008).

The district court was also justified in requiring Jenkins to notify any future employers of his conviction if his work involves the use of a computer. As the district court explained, this special condition limits Jenkins's access to unmonitored work computers, "thereby minimizing any inappropriate computer use." J.A. 358-59. The court based this condition on the case-specific circumstance that Jenkins intermingled his business records and child pornography collection on the computer he used to commit his first offense, and then attempted to "blame his employees by falsely claiming that they had access to his computers." J.A. 358.

Jenkins contends that this condition is overbroad, rendering him unemployable because he may be required to notify customers who hire him as an independent contractor. But Jenkins takes the condition out of context. A separate condition, which Jenkins does not challenge, requires computer monitoring and periodic searches of his personal computers and other internet-capable devices. The district court's explanation of the challenged condition makes clear that it does not apply where Jenkins, as an independent contractor, uses his own computers for work

6

purposes. Rather, "employers are to be notified of [Jenkins's] conviction when, because of the nature of employment, there is a possibility that [he] will have access to a [work] computer, and thus be presented with the opportunity to obtain computerized images of child pornography." *MacMillen*, 544 F.3d at 77. We reject Jenkins's contention that this special condition is overbroad or otherwise an abuse of discretion.

\*     \*     \*

We have considered Jenkins's remaining arguments, including those advanced in his *pro se* supplemental brief, and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7