*United States v. Thompson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February two thousand twenty-four.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    RAYMOND J. LOHIER, JR.,
>    JOSEPH F. BIANCO,
>        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>    v.                                                          22-2297-cr

ANTHONY THOMPSON,

>        *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Rajit Singh Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Anthony Thompson appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) imposing a 71-month term of imprisonment followed by three years' supervised release with several special conditions of supervision. Thompson's sentence arose out of his convictions for (1) possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and (2) possession with intent to distribute controlled substances, including cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

In sentencing Thompson for those offenses, the district court imposed the four special conditions of supervised release recommended in the Presentence Report. One of those special conditions, which Thompson challenges on appeal, prohibits him from possessing, using, or selling marijuana or any marijuana derivative, including CBD, in any form or for any purpose ("Special Condition 4"). Thompson did not object to Special Condition 4 below. On appeal, however, Thompson argues that the district court failed to explain the reasons for imposing Special Condition 4 and that Special Condition 4 does not satisfy the requirements listed in 18 U.S.C. § 3583(d)(1)–(3). For the reasons set forth below, we disagree and affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

2

"Implicit in the very nature of supervised release is that certain conditions are necessary to effect its purpose." *United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999). Given the importance of conditions of supervision, district courts "retain[] wide latitude" to impose them. *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). But the district court's latitude is not boundless. The district court can only impose conditions of supervision that comport with the requirements of 18 U.S.C. § 3583(d)(1)–(3). First, the conditions must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D). Second, the conditions must "involve[] no greater deprivation of liberty than is reasonably necessary" to meet those sentencing goals. *Id.* § 3583(d)(2). Finally, the conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* § 3583(d)(3).

Before imposing a condition of supervision, the district court must "make an individualized assessment" of the defendant's circumstances. *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018)). While the district court must "state on the record the reason for imposing" the condition, *id.* (internal citation omitted), we may "uphold the condition imposed . . . if the district court's reasoning is self-evident in the record," *Betts*, 886 F.3d at 202 (internal quotation marks and citation omitted).

Thompson argues that the district court erred in two respects: (1) by failing to state its reasons for imposing Special Condition 4, and (2) by inadequately considering the factors listed in 18 U.S.C. § 3583(d)(1)–(3). Because Thompson did not object to Special Condition 4 below,

3

despite having "advance notice" of the condition, we review for plain error. *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) ("[W]hile we ordinarily review the imposition of conditions of supervised release for abuse of discretion, we review for plain error where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing."). The plain error standard requires Thompson to show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Thompson's assertions of error do not pass muster under this standard.

Assuming Thompson is correct that the district court did not explicitly state why it imposed Special Condition 4, its reasoning is "self-evident in the record," *Betts*, 886 F.3d at 202 (internal citation omitted), and establishes that Special Condition 4 comports with the requirements of 18 U.S.C. § 3583(d)(1)–(3). We recently considered a nearly identical condition of supervision prohibiting "the use, possession, or sale of marijuana, or any marijuana derivative (including . . . []CBD[] or THC) in any form and for any purpose." *United States v. King*, No. 22-1024, 2023 WL 6842445, at *1 (2d Cir. Oct. 17, 2023) (summary order). Because the district court in that case had considered the defendant's "life-long substance abuse issues," among other factors, its imposition of the marijuana-related condition did not "amount[] to 'clear or obvious' error." *Id.* at *2 (internal citation omitted).

Nor did the district court's imposition of Special Condition 4 constitute plain error here. The record evidence establishes that Thompson has abused substances, including marijuana,

4

throughout his life. Thompson began smoking marijuana at the age of 12 or 13 and has used it heavily and regularly since then, except during periods of incarceration or supervision. Thompson has participated in drug treatment programs several times since he was 16 years old. And Thompson's marijuana use has resulted in recurring criminal conduct. One of the instant convictions stems from Thompson's possession of controlled substances, including seven pounds of marijuana. Thompson has no fewer than eight prior drug-related convictions—four of which were felonies, and multiple of which involved marijuana. In light of that record evidence, Special Condition 4 is reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and does not involve an unnecessary "deprivation of [Thompson's] liberty," *id.* § 3583(d)(2).

We are cognizant of CBD's presence in many consumer products such as oils, lotions, and cosmetics. Nevertheless, after reviewing the present record under the plain error standard, we cannot say that the district court's imposition of Special Condition 4 constituted a "clear or obvious" error. *Stevenson*, 834 F.3d at 83 (internal citation omitted). Rather, the district court had ample evidence before it from which it could determine that Special Condition 4 would achieve sentencing goals and further Thompson's rehabilitation.

\* \* \*

We have considered Thompson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5