*United States v. Serr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-three.

PRESENT:     John M. Walker, Jr.,
             Steven J. Menashi,
             Eunice C. Lee,
                     *Circuit Judges.*

_____

United States of America,

             *Appellee*,

        v.                                          No. 22-2058-cr

Ted Serr,

             *Defendant-Appellant*.

_____

*For Appellee*:                        Geoffrey J.L. Brown and Carina H. Schoenberger, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

*For Defendant-Appellant*:              Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Ted Serr pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The district court sentenced Serr to a term of 150 months' imprisonment for each count to run concurrently and 15 years of supervised release. Under the terms of the supervised release, Serr may not interact with minors without the permission of his probation officer.

Serr raises two issues on appeal. First, Serr argues that the district court's order sentencing him to 150 months' imprisonment is substantively unreasonable. Second, Serr argues that the special condition of supervised release restricting his interaction with minors does not meet the requirements of 18 U.S.C. § 3583(d) and interferes with his constitutional right to associate with his children. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

# I

Serr argues that his 150-month sentence is substantively unreasonable because the district court failed to apply U.S.S.G. § 2G2.2 properly and failed to account for his mental and emotional condition. He argues that the resulting sentence is substantively unreasonable because it cannot be located within the range of permissible decisions.

This court "reviews sentences for reasonableness under the deferential abuse of discretion standard." *United States v. Kadir*, 718 F.3d 115, 125 (2d Cir. 2013). A district court has abused its discretion when it has "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Zhong*, 26 F.4th 536, 551 (2d Cir. 2022) (quoting *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016)).

A sentence falls outside the range of permissible decisions when it "damage[s] the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (quoting *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014)). The sentence must "shock the conscience" to be substantively unreasonable. *United States v. Richardson*, 958 F.3d 151, 155 (2d Cir. 2020) (quoting *United States v. Rigas*, 583 F.3d 108, 124 (2d Cir. 2009)). To ascertain whether a sentence shocks the conscience, we "use as our lodestar the parsimony clause of 18 U.S.C. § 3553(a), which directs sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the factors set out in 18 U.S.C. § 3553(a)(2)—namely, retribution, deterrence, and incapacitation." *Saleh*, 946 F.3d at 107 (quoting *Park*, 758 F.3d at 200). But a court of appeals should not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).

**A**

Serr first argues that his sentence is substantively unreasonable because the district court did not properly treat U.S.S.G. § 2G2.2 in accordance with our holding in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). In *Dorvee*, we observed that § 2G2.2 "is fundamentally different" from other guidelines and that "unless applied with great care," its application "can lead to unreasonable sentences that are inconsistent" with § 3553(a). 616 F.3d at 184.

Serr's reliance on *Dorvee* is misplaced. In *United States v Muzio*, we clarified that *Dorvee* and its progeny "do not stand for the proposition that nearly any sentence for child pornography above the mandatory minimum is substantively unreasonable." 966 F.3d 61, 64 (2d Cir. 2020). Moreover, Serr points to no facts indicating that the district court did anything other than apply § 2G2.2 and the § 3553(a) factors with "great care." *Dorvee*, 616 F.3d at 184. The district court began its analysis by properly calculating the guidelines range. It then determined that the recommended range of 210 to 262 months was "greater than necessary to meet the goals of sentencing" elaborated in § 3553(a). App'x 70-71. Accordingly, the district court varied downward to a sentence of 150 months. Serr dedicated a significant portion of his sentencing memorandum to the § 2G2.2 issue, and we presume that the district court considered those arguments when it contemplated the § 3553(a) factors. *United States v. Cossey*, 632 F.3d 82, 87 (2d Cir. 2011).

**B**

Serr also argues that his sentence is substantively unreasonable because the district court failed to consider his background, mental and emotional condition, and need for mental health treatment. This argument also fails because the district court did consider these factors at the sentencing. The district court acknowledged reading Serr's written submissions and evaluating his mental health needs. Serr's argument amounts to the insistence that the district court must explain why a shorter sentence was inappropriate given the particular facts of the case. But we have never required a sentencing court to "explain in open court why any

particular unselected sentence would be inappropriate." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

Serr fails to carry his burden of showing that his sentence shocks the conscience.

**II**

Serr's second challenge to his sentence attacks the second condition of supervised release: that he may not contact minors, including his children, without the permission of his probation officer. Serr's youngest daughter will be a minor at the time of his scheduled release, and he argues that the special condition improperly deprives him of his fundamental right to associate with his child.

A district court has "wide latitude" to impose conditions of supervised release, so we review such conditions for an abuse of discretion. *United States v. Kunz*, 68 F.4th 748, 758 (2d Cir. 2023) (quoting *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008)). But we "carefully scrutinize unusual and severe conditions," *id.* (quoting *United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013)), and "where a challenged condition implicates an issue of law, 'we review the imposition of that condition *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion,'" *id.* (quoting *MacMillen*, 544 F.3d at 75). However, when a defendant does not object to the challenged condition at sentencing—as Serr failed to object here—we review for plain error. *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).

A court may order a special condition as long as it (1) is "reasonably related to the factors set forth" in § 3553(a); (2) "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in § 3553(a); and (3) "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). When the liberty interest at stake is fundamental, "a deprivation of that liberty is 'reasonably necessary' only if the deprivation is narrowly tailored to serve a compelling government interest." *United States v. Myers*, 426 F.3d 117, 126 (2d Cir. 2005).

Serr argues that his right to associate with his child is fundamental and that strict scrutiny is not satisfied here, so the special condition fails § 3583(d)(2)'s requirement that the deprivation be no more than "reasonably necessary" to satisfy the § 3553(a) factors. We disagree. Serr exchanged images and videos that depicted the sexual abuse of prepubescent children, and he expressed a desire to sexually abuse his youngest daughter, then three years old, on a group chat dedicated to distributing child pornography. The district court acknowledged these as "aggravating factors" before imposing the sentence and special conditions. App'x 71.

The government has a compelling interest in protecting children from sexual abuse, and that interest is implicated with respect to a minor whom Serr has already contemplated abusing. Moreover, the restriction on Serr's interaction with his daughter is narrowly tailored. The special condition does not prohibit him from interacting with his daughter outright but requires the permission of his probation officer. While the special condition does impact a fundamental right, we conclude that it "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2).

Serr also argues that the district court failed to make an individualized assessment in relation to the special condition, including factual findings supporting the conclusion that the condition is "no greater than reasonably necessary" to serve the sentencing factors. But, as we have noted, the district court did identify "aggravating factors" before imposing the sentence and special conditions. We cannot agree that the district court failed to conduct an individualized assessment in relation to the special conditions.

\*     \*     \*

We have considered Serr's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court