22-265-cr
*United States v. Raheem Jones*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-five.

Present:

> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                     22-265-cr

RAHEEM JONES, AKA RAH TRIGGER,
AKA TRIGGA,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Margaret N. Vasu and Michael D. Maimin, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Ameer Benno, Benno & Associates P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Raheem Jones appeals from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*), entered on February 8, 2022. On November 24, 2020, following a decade of involvement with a violent street gang known as "the Goonies," Jones pled guilty to participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. Before sentencing, the Probation Office issued a Presentence Report, which detailed Jones's history of substance abuse and mental health issues, and recommended several conditions of supervised release. On January 28, 2022, the district court adopted the Presentence Report's factual findings and sentenced Jones to 300 months in prison, to be followed by five years of supervised release, during which Jones was to comply with the special conditions of supervised release listed in the Presentence Report, including a drug treatment condition, a mental health treatment condition, a search condition, and a non-association condition. The district court then issued a written judgment, which listed these conditions as they were described in the Presentence Report in all respects except one: the judgment added "place of business" to the locations and properties that Jones was required to submit to a search. App'x at 294. Jones now appeals, arguing that the district court plainly erred in imposing the four conditions of supervised release. We assume the parties' familiarity with the case.

2

Because Jones did not raise objections to his conditions of supervised release before the district court, we review those objections for plain error. *United States v. Thompson*, 143 F.4th 169, 176 (2d Cir. 2025).[1]

## I. Drug Treatment, Mental Health Treatment, and Search Conditions

Jones first argues that the district court failed to make sufficiently individualized findings on the record to support the imposition of the drug treatment, mental health treatment, and search conditions of his supervised release. A sentencing court satisfies its obligation to explain a special condition when, as part of its explanation for imposing the overall sentence, it states that it has "tak[en] into account the nature and circumstances of [the defendant's] offense, as well as his history and characteristics—all of which were laid out in detail in the PSR and sentencing submissions." *Id.* at 178–79. Where the court provides such an overall explanation, it "generally need not articulate separate reasons for imposing every single special condition." *Id.* at 178. Even if the sentencing court does not provide such an explanation, we may still uphold a special condition if its basis is self-evident in the record. *Id.* at 177.

Here, as in *Thompson*, the district court provided an adequate explanation for imposing the challenged conditions of release. It imposed them only after it expressly adopted the factual findings of the Presentence Report, and after stating that it had "considered the arguments made by both sides and the information provided by the parties, including Mr. Jones' acceptance of responsibility for his actions, the nature and circumstances of the crime, his prior criminal history, his history and characteristics, and the seriousness of this crime." App'x at 281-82. The district court then recited, in some detail, many of the violent acts committed by Jones as part of the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Goonies gang. Because the district court had "already explained the overall reasons for its sentencing decision," *Thompson*, 143 F.4th at 178, it was "under no obligation . . . to pick through every condition and explain, point-by-point, how each was responsive to the offending conduct." *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023).

Moreover, even if the district court had not provided an adequate explanation, the justifications for Jones's drug treatment, mental health treatment, and search conditions are self-evident in the record. Jones emphasized his long history of substance abuse and mental health issues at sentencing and expressed his desire to receive treatment for these conditions to the Probation Office. The record also provided the district court with ample basis to impose the search condition, which obligates Jones to submit to searches of, among other things, his computer, electronic communications, data storage devices, and cloud storage or media upon a reasonable suspicion of a violation of the terms of his supervision or other unlawful conduct. The record reflects, and the district court acknowledged at sentencing, Jones's leadership role in the Goonies and his direct involvement in several violent crimes. The search condition was reasonably related to "ensuring the effectiveness of supervision," as "both electronic and non-electronic search conditions are often crucial for doing so, even where the record does not indicate electronic devices were misused in the underlying crime of conviction or criminal history." *Thompson*, 143 F.4th at 180. We therefore reject Jones's challenges to the imposition of the drug treatment, mental health treatment, and search conditions of his supervised release.[2]

---

[2] Jones also argues that these conditions are "substantively unreasonable because no individualized need for these conditions is evident in the record." Appellant's Br. at 36. For the reasons articulated above, we reject this assertion, finding ample basis in the record to support the imposition of each condition.

## II.      Non-Association Condition

Jones also challenges the non-association condition of his supervised release, which prohibits him from "associat[ing] or interact[ing] in any way with members of the Goonies gang or any other street gang" and "frequent[ing] any neighborhood known to be controlled by the Goonies gang," unless authorized by the Probation Office to facilitate family visits. App'x at 294. Jones argues this condition is unconstitutionally vague because it includes what he describes as ambiguous terms, such as "associate," "frequent," "neighborhood," "controlled," and "street gang." Appellant's Br. at 40–42. We disagree.

Conditions of supervised release must be "sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *United States v. Reeves,* 591 F.3d 77, 80–81 (2d Cir. 2010). They need not, however, "be cast in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail." *Id.* at 81. Applying these principles, this Court has frequently upheld similar non-association conditions. *See*, *e.g.*, *United States v. Green,* 618 F.3d 120, 123–24 (2d Cir. 2010) (upholding portion of non-association condition that prohibited defendant from "associat[ing]" with members of criminal street gangs); *United States v. MacMillen*, 544 F.3d 71, 74–76 (2d Cir. 2008) (upholding condition of supervised release prohibiting defendant from "being on" locations "where children are likely to congregate"). Similarly, we discern no fatal ambiguity in that portion of the condition that refers to any "any neighborhood known to be controlled by the Goonies gang." At sentencing, the district court expressly adopted the factual findings of the Presentence Report, which included the fact that Jones was a longtime member of the Goonies gang that operated in Mount Vernon, New York, and that as a gang member he participated in multiple shootings and at least one murder over the course of several years. In light of that factual finding, we see no reason

5

to believe that Jones would not understand which areas the Goonies controlled. We thus reject Jones's assertion that the non-association condition is ambiguous and therefore unconstitutionally vague.

### III.  Place of Business Addition to the Search Condition

Finally, Jones and the Government agree that the search condition in the judgment of conviction is broader than the search condition included in the Presentence Report adopted by the district court because it requires Jones to submit his "place of business" to search, in addition to the other locations and properties included the Presentence Report. App'x at 294. We therefore **REMAND** for the limited purpose of conforming the search condition in the judgment of conviction to the search condition in the Presentence Report. In all other respects, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk